UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

QUINNA S. HATCH,

    Plaintiff,

v.                                                     CASE NO. 3:12-cv-9-J-20JBT

RENAISSANCE CHARTER SCHOOL
INC. also known as Duval at Arlington,
*et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). On January 9, 2012, the Court entered an Order taking the Motion under advisement and directing Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application"), on or before January 30, 2012. (Doc. 4.) On January 12, 2012, Plaintiff filed the Application. (Doc. 5.) For the reasons stated herein, the undersigned recommends that the Motion be **DENIED** and that Plaintiff be allowed to pay the filing fee within sixty to ninety days of the Court's order on this

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Report and Recommendation, to avoid a dismissal of this action.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915(a)(1). The Court's decision to grant *in forma pauperis* status is discretionary. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant need not show he or she is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam). The Court's "consideration of a party's ability to pay . . . is not limited by the party's application for leave to proceed *in forma pauperis*" and the Court may look beyond the application. *Id.* at 1307 n.3. The Court has "wide discretion" in ruling on a motion to proceed *in forma pauperis*, and should grant the privilege to proceed *in forma pauperis* "sparingly" in civil cases for damages. *Id.* at 1306. It is important to determine whether a litigant qualifies for *pauper* status because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court considers both the Motion and the Application in determining whether Plaintiff meets the financial criteria to proceed *in forma pauperis*. Plaintiff is a single mother of two minor children. (Docs. 2 at 2; 5 at 3, 5.) She has been

2

employed by the Duval County School Board for over seventeen years and her gross annual income, including child support, is $32,740.46.[2] (*See* Docs. 2 at 6; 5 at 1-2.) Plaintiff's monthly living expenses include, *inter alia*: $296.58 for mortgage payment, including real estate taxes and property insurance, on her house; $375.00 for utilities; $150.00 for home maintenance; $300.00 for credit card accounts; $500.00 for food; $100.00 for clothing; $100.00 for laundry and dry-cleaning; $150.00 for recreation and entertainment; $120.00 for transportation; $190.00 for insurance and lunch accounts; and $200.00 for tutoring.[3] (Docs. 2 at 3-4; 5 at 4.) The Motion indicates that Plaintiff owes $23,921.77 on the house, which is worth approximately $60,465.00. (Doc. 2 at 3.) Further, Plaintiff owns a car worth $3,000.00, which has been paid off. (*Id.*) The Application indicates that Plaintiff expects major changes to her "monthly income or expenses or in [her] assets or liabilities during the next 12 months," but does not describe these changes. (Doc. 5 at 5.)

Although Plaintiff asserts that she lives "below the poverty level for a family of three" (*id.*), her assertion is incorrect because the poverty level for a family of three is $18,530.00.[4] Thus, with an annual income of approximately $32,740.46, Plaintiff

---

[2] Plaintiff's Motion provides that her "monthly" income is $1,071.79. (Doc. 2 at 2.) However, the electronic pay stub attached to the Motion indicates that this amount represents Plaintiff's bi-weekly gross income. (*Id.* at 6.) In addition to her salary, Plaintiff receives $406.16 for child support each month. (Doc. 5 at 1.)

[3] Some of Plaintiff's monthly expenses appear questionable and/or inflated. For instance, Plaintiff states that she spends $100.00 for laundry and dry-cleaning per month.

[4] *See* http://aspe.hhs.gov/poverty/11poverty.shtml.

3

is well above the poverty level. Moreover, the Court finds that Plaintiff can support and provide necessities for herself and her dependents and also pay the filing fees and costs for this action "without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed. App'x 239, 240 (6th Cir. Aug. 6, 2001). *See also Schmitt v. U.S. Office of Personnel Management*, 2009 WL 3417866, *2 (M.D. Fla. Oct. 19, 2009). For example, Plaintiff's affidavit shows that she spends $150.00 monthly for recreation and entertainment, which are clearly not necessities. If Plaintiff would forego these expenses for less than three months, she would have enough money to pay for the filing fee and the service of process fees, without suffering undue hardship.

Therefore, Plaintiff does not meet the financial criteria to proceed *in forma pauperis*, and the undersigned will recommend that Plaintiff be allowed to pay the filing fee if she wants to proceed with this action. In light of this conclusion, the Court need not decide whether this action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," any one of which would require the Court to dismiss the action *sua sponte*. 28 U.S.C. § 1915(e)(2)(B). However, the Court notes that Plaintiff is seeking $1 million in compensatory and $1 million in punitive damages from each of the four Defendants for "emotional pain, mental anguish, inconvenience, humiliation, [and] loss of pride" as a result of her not receiving a notification from her son's school (Duval Charter School at Arlington) that he was

suspended on November 22, 2011,[5] "contrary to the procedures for Administration of Formal Disciplinary Action of the Code of Student Conduct." (Doc. 1 at 2-3.) Plaintiff alleges that her procedural due process rights under the Fourteenth Amendment were violated by the school's deliberate indifference and failure to adequately train its personnel. (*Id.* at 3.) Without making a determination regarding frivolity or maliciousness, to the extent the Court has discretion to deny the Motion, that discretion should be exercised to require Plaintiff, rather than the taxpayers, to pay the costs of this lawsuit.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. Plaintiff be ordered to pay the filing fee within **sixty (60) to ninety (90) days** of the Court's order on this Report and Recommendation, and that Plaintiff's failure to pay the filing fee in a timely manner result in the dismissal of this action without prejudice.

---

[5] Although Plaintiff's Complaint does not allege the period of suspension, the exhibits attached thereto appear to indicate that Plaintiff's son was suspended for two days only, November 29-30, 2011. (Doc. 1 at 11.) The exhibits also show that Plaintiff sent a letter dated December 13, 2011 to the school's principal informing her that Plaintiff was officially withdrawing her son from the school. (*Id.* at 4.)

**DONE AND ENTERED** at Jacksonville, Florida, on January 26, 2012.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

*Pro Se* Plaintiff